UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EANDRE</small> C<small>URRIE</small>-L<small>AMAR</small>, <small>ET AL</small>.,

      Plaintiffs,

v.

S<small>COTT</small> S<small>TEPHENSON</small>, <small>ET AL</small>.,

      Defendants.
_____/

Case No. 18-cv-11663

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>TEPHANIE</small> D<small>AWKINS</small> D<small>AVIS</small>

**<u>O<small>PINION AND</small> O<small>RDER</small> D<small>ISMISSING</small> C<small>OMPLAINT</small> [1],
D<small>ENYING</small> M<small>OTION FOR</small> A<small>PPOINTMENT OF</small> C<small>OUNSEL</small> [6],
<small>AND</small> V<small>ACATING</small> O<small>RDER</small> G<small>RANTING</small> A<small>PPLICATION TO</small> P<small>ROCEED</small> W<small>ITHOUT</small>
P<small>REPAYMENT OF</small> F<small>ILING</small> F<small>EE</small> [4]</u>**

**I.    Introduction**

    This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs are nine inmates who are or were confined at the Midland County Jail in Michigan. The Defendants, all sued in their official capacity, are Midland County Sheriff Scott Stephenson, Lieutenant Administrator Amy Randall, Captain Jeffrey Derocher, and an unidentified doctor (Jane Doe). Plaintiffs allege unlawful jail conditions, highlighting inmates' inability to help other inmates with legal work and inmates' lack of timely access to medical care. Plaintiffs also complain of the inclusion of pork in meals, the cost of hygiene packages, legal copies and mailings,

and the prohibition on attending church services or visiting the law library when privileges were lost. Plaintiffs are seeking injunctive relief and monetary damages.

Only the lead Plaintiff, Deandre Currie-Lamar, has signed the Complaint. *See* Dkt. No. 1. The Plaintiffs have filed a Motion for Appointment of Counsel and a letter indicating that two of the Plaintiffs have been moved to other facilities. Dkt. Nos. 5, 6. And again, only Currie-Lamar has signed the motion and letter. Dkt. Nos. 5, 6. Finally, the Plaintiffs have not paid the $350.00 filing fee and the $50.00 administrative fee. Currie-Lamar, however, has submitted an application to proceed without prepayment of fees or costs. Dkt. No. 4.

Presently before the Court is the Plaintiffs' Motion for Appointment of Counsel [6]. The Court will DENY Plaintiffs' Motion for Appointment of Counsel [6]. The Court will also DISMISS the Complaint WITHOUT Prejudice [1], and VACATE the Order Granting Plaintiff Currie-Lamar's Motion to Proceed Without Prepayment of Fees or Costs [4].

## II. Discussion

The Court finds that the Plaintiffs have improperly joined claims and parties in this action and violated certain filing requirements. Therefore, the Court will dismiss this case without prejudice. The Court will first explain the joinder issues and will then detail the filing deficiencies.

A. Misjoinder of Claims and Parties

"[J]oinder of claims, parties, and remedies is strongly encouraged," where appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Federal Rule of Civil Procedure 20(a)(1) provides that:

> [p]ersons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Notwithstanding that Rule, significant practical problems arise when prisoners jointly commence litigation. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (noting "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." (citing *Boretsky v. Corzine*, No. 08–2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008))). These impracticalities include, for example, the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id*. (internal quotation marks omitted) (quoting *Boretsky*, 2008 WL 2512916, at *5).

Relatedly, allowing multi-plaintiff prisoners to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Id.* (citing *Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, at *3–4 (E.D. Wis. Mar. 10, 2008)). Such violations might entail the filing of pleadings on behalf of prisoners without these prisoners' consent. *Id.* An additional problem is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (internal quotation marks omitted) (quoting *Boretsky*, 2008 WL 2512916, at *5; citing *White v. Tenn. Bd. of Prob. & Paroles*, No. 06-2784-B/P, 2007 WL 1309402, at *1 (W.D. Tenn. May 3, 2007)). Lastly, multi-plaintiff prisoner litigation is unwieldy given the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *6). In sum, prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (quoting *Boretsky*, 2008 WL 2512916, at *6).

All of the above-listed concerns exist here. First, Plaintiffs are not all confined at the Midland County Jail. Indeed, at least two Plaintiffs are incarcerated at other facilities, and the pleadings offer no indication as to where these two Plaintiffs are incarcerated. Second, the Complaint fails to make plain which Plaintiffs are suing which Defendants and also which claims apply to which

4

Defendants. Third, it is unclear whether Plaintiffs have exhausted their administrative remedies. Consequently, joint litigation is inappropriate here.

B. Filing Deficiencies

The Court will also dismiss this case because of filing defects.

"Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Accordingly, a prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court. *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (concluding that unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings).[1]

In this case, only Currie-Lamar has signed the Complaint and the Motion for Appointment of Counsel. And he is also the only Plaintiff to have applied to proceed without prepayment of the filing fee or costs. Currie-Lamar, however, cannot serve as counsel for Plaintiffs.

Second, a complaint must set forth both "a short and plain statement of the

---

[1] To the extent Currie-Lamar seeks to represent other Plaintiffs in this action, his request is denied. He cannot adequately protect the interests of the other Plaintiffs. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (finding that a pro se prisoner, given his competence as a layman, could not adequately represent the interests of other inmates in a class action); *see also Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004).

claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations marks and citations omitted). "Factual allegations," the Supreme Court has instructed, "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555–56 (internal citations and footnote omitted). Although this standard does not require detailed factual allegations, it does necessitate more than the bare assertion of legal conclusions. *Id.* Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Here, the Complaint is absent of dates, locations, or other specific facts regarding all of the alleged constitutional violations. The Complaint, therefore, is too vague and too general to satisfy the applicable pleading standards.

The Complaint has a third procedural problem: Service copies must be provided by the plaintiff, but the Plaintiffs have not submitted copies for service upon the Defendants. *See* FED. R. CIV. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)

and must furnish the necessary copies to the person who makes service.").

In light of the challenges of multi-plaintiff prisoner litigation and Plaintiffs' filing errors, the Court will dismiss the Complaint without prejudice to the individual Plaintiffs filing complaints on their own behalf. Misjoinder of parties, claims, or both is not ordinarily sufficient to dismiss an action in its entirety, although misjoined parties and misjoined claims may be dismissed from an action. *See* FED. R. CIV. P. 21. This case is different, however, given the filing deficiencies and the Court's inability to discern which claims apply to the lead Plaintiff personally and which Defendants the lead Plaintiff personally seeks to sue. *See, e.g.*, *Berryman v. Neff*, No. 2:13-CV-12403, 2013 WL 3547102 (E.D. Mich. July 11, 2013) (dismissing similarly-problematic complaint); *see also Fuller v. Heyns*, No. 2:12-CV-12371, 2012 WL 2374222 (E.D. Mich. June 22, 2012).

## III. Conclusion

Based on the inherent difficulties with multi-plaintiff prisoner litigation, as well as the filing issues here, the Court finds that a non-prejudicial dismissal of the Complaint is warranted.

Accordingly, the Court **DISMISSES** the Complaint **Without Prejudice** to the Plaintiffs filing individual complaints on their own behalf [1]. Because of this determination, the Court **DENIES** the Motion for Appointment of Counsel [6] and **VACATES** the Order granting the lead Plaintiff's application to proceed without

prepayment of the filing fee [4]. No filing fees will be assessed for this case.

**IT IS SO ORDERED**.

Dated: July 2, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 2, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk